## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 28 2016, 8:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony E. Jeffares, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | September 28, 2016 Court of Appeals Case No. 03A01-1605-CR-1176 Appeal from the Bartholomew Circuit Court The Honorable Stephen R. Heimann, Judge. Trial Court Cause No. 03C01-1110-FB-5718 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Anthony E. Jeffares contends that the trial court abused its discretion in sentencing him to the balance of his eighteen-year sentence for violating his probation (for a second time) in this case. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2] In April 2012, Jeffares pled guilty to Class B felony burglary. The trial court sentenced him to eighteen years, with three years suspended. In March 2014, the trial court modified Jeffares' sentence. It placed him in the Community Transition Program for approximately three months. Upon completion of the program, the court suspended the balance of his sentence and placed him on probation for five years.

[3] Jeffares completed the program and started probation in June 2014. Six months later, in November 2014, the State filed a petition to revoke Jeffares' probation for using heroin and failing to pay fees. Jeffares was referred to an intensive outpatient program (IOP), but he never completed the treatment. Jeffares admitted violating his probation, and the trial court sentenced him to nine months in jail and extended his probation.

[4] In March 2016, the State filed a second petition to revoke Jeffares' probation for testing positive for methamphetamine and marijuana, committing the new crimes of possession of methamphetamine, marijuana, and paraphernalia, and

failing to pay fees. Jeffares admitted violating his probation and asked to be placed back in community corrections. Jeffares' probation officer testified that the probation department had tried "everything that we have" with Jeffares, including "our most intensive programming with work release," yet Jeffares "continues to use drugs." Tr. p. 10. The probation officer concluded, "we just don't have anything more that we can offer him, sadly." *Id.* The trial court revoked Jeffares' probation and ordered him to serve the balance of his eighteen-year sentence (with credit of 1137 actual days), to be served in prison. The court reasoned:

> Prior to incarceration, your choice of drugs was methamphetamine or opiates. You described your typical day as follows: get high or find a way to, did the current Burglary to support your drug habit. You reported, I'm not a career criminal. I just have a bad drug problem. Hope I can work on this. . . .

> So you're 53 and I look back through your criminal history, dating back to 1979, as a juvenile. All sorts of charges. . . . Then as an adult and you had treatment opportunities; rehab in '82, '85 Koala and Aftercare '86 IOP and Aftercare. . . . Auto Theft back in 2004; evaluation and follow recommendation of the evaluation. But even after that treatment opportunity, admits to violating probation by ingesting and testing positive for marijuana in '06; cocaine and marijuana in '07. Sent you to DOC.

> * * * * *

> The State has already gone over what happened in this case. You got in the [DOC], you got some treatment and now you're

coming here and saying, oh, it wasn't the right treatment; didn't get what I needed.

Your sentence was modified out and you were off of the Community Transition Program on the 11th day of June, 2014. In November of 2014 was the Petition to Revoke. Instead of sending you back to prison, . . . you were put in jail, you were given credit for it and you got out then on March 24, 2015 and now here we are again.

You said what you need is . . . more help and that's right, you do. There's no question about it. You do need more help. But where you need help from is from yourself. That's the one person that needs to help you because there's been all sorts of other people who have tried and tried and tried. But until you determine that you're going to help yourself, no matter how much other people try to help you, it's not going to make a difference.

*Id.* at 30-32.

[5] Jeffares now appeals.

# Discussion and Decision

[6] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State,* 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is proven, then the trial court must decide whether the violation warrants revocation of probation. *Id.* If the trial court finds that the probationer violated a condition of probation, the court has several options:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h). A trial court's sentencing decision for violating probation is reviewed for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[7] Jeffares contends that the trial court abused its discretion in ordering him to serve the balance of his eighteen-year sentence because he admitted violating his probation (like a defendant who pleads guilty) and because he "made contact with" an addictions program. Appellant's Br. p. 8. The record shows that Jeffares violated his probation (a second time) for, at the very least, testing positive for drugs, which would have been relatively easy to prove without Jeffares' admission. In sentencing Jeffares to the balance of his eighteen-year sentence, the trial court noted that he had been given multiple chances in *this* case. First, Jeffares had his eighteen-year sentence modified after serving just two years. Then, after violating his probation the first time for using drugs, he was sentenced to jail instead of prison. In addition, the record shows that not only has Jeffares been given treatment opportunities throughout his adult life, he was given them in this case, too. Yet he failed to take advantage of them. Given Jeffares' failures to address his drug problems and his pattern of

squandering the opportunities that he has been given, it was within the trial court's discretion to sentence him to the balance of his eighteen-year sentence for violating his probation a second time.

[8]     Affirmed.

Baker, J., and Najam, J., concur.